**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**HEATH WILLIAM KNIGHT, ET AL**                                    **PLAINTIFFS**

**v.**                                                 **CAUSE NO. 4:01CV223 - P - B**

**KIRBY INLAND MARINE, INC.;**                                    **DEFENDANTS**
**KIRBY INLAND MARINE, INC. OF TEXAS
A/K/A DIXIE MARINE, INC.; HOLLYWOOD
MARINE, INC.; AND KIRBY INLAND MARINE,
INC. OF MISSISSIPPI**

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
KIRBY INLAND MARINE, INC., ET. AL.'S MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This is a "toxic tort" case in which Plaintiff, Heath William Knight, alleges that his Hodgkin's lymphoma cancer was caused by exposure to benzene or benzene-containing products during his work for Defendant as a deckhand/tankerman on Defendants' vessels.

Heath William Knight was born on January 18, 1974.

Knight went to work for Kirby on February 22, 1993, as a deckhand with no previous experience on the river.  He worked as a deckhand for several months and then began receiving tankerman training and became a certified tankerman in September, 1993.  He worked as a tankerman from September, 1993, until November, 1994, when he moved into the office as a crew dispatcher.  Knight depo. pp. 15-19, 26.

Benzene and other organic chemicals were transported in barges worked on by Plaintiff during his employment on the vessels.  Pre-trial Order Stipulations 9(a)(5).

Knight terminated his employment with Kirby in February, 1998 and was diagnosed with Hodgkin's lymphoma on or about August 27, 1998. Pretrial Order Stipulations 9(a)(6), (7).

## II.  BASIS FOR SUMMARY JUDGMENT

Defendant is entitled to a summary judgment because: 1) an adequate time for discovery has passed; and 2) Plaintiff has failed to produce legally sufficient evidence of one or more essential elements of claims on which Plaintiff bears the burden of proof at trial. Specifically, there is no evidence upon which a reasonable jury could find that Heath William Knight's Hodgkin's lymphoma was proximately caused by any exposure to any harmful level of benzene and/or benzene related products, or any other toxic chemical while working at Kirby. Summary judgment is therefor mandated under Rule 56 (c). **Celotex v. Catrett**, 477 U.S. 317, 106 S. Ct. 2548 (1986).

## III.  SUMMARY JUDGMENT STANDARD

Summary Judgment is appropriate; "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, showed that there is no genuine issue as to any material fact that the movant party is entitled to judgment as a matter of law." Federal Rules of Civil Procedure 56 (c); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509, 2510, (1986).

When a moving party alleges that there is an absence of evidence necessary to prove specific elements of a case, the party moving for summary judgment has the initial burden of "informing the District Court of the basis for its motion and identifying those portions of the [summary judgment record] which it believes demonstrates the absence of a genuine issue

of material fact." ***Celotex, et. al.***, 323. Once that burden is met, the burden of production shifts to the non-moving party to present evidence that provides a genuine issue for trial. Id. at 322-23; ***Texas Manufactured Housing Ass'n v. Nederland***, 101 F.3d 1095, 1099 (5th Cir. 1996), Cert. denied, 521 U.S. 1112, 117 S. Ct. 2497 (1997).

Summary Judgment is mandated under Rule 56 (c) if, after adequate time for discovery and upon motion, a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." ***Celotex***, 477 U.S. at 322.

In the instant case, one of the essential elements for Knight to recover is that he must prove by a preponderance of the evidence that the alleged exposures to chemicals while working for Defendants proximately caused his Hodgkin's lymphoma. The only causation witness hired to render this opinion on behalf of Plaintiff Knight was Dr. Barry Levy.

On or about March 14, 2005, the Court granted Defendant's Motion in Limine preventing Plaintiff's expert, Dr. Barry S. Levy from testifying at the scheduled trial of this matter.

Plaintiff has not designated any other expert witness to render any opinion concerning medical causation. In addition, the discovery deadline in this case has long passed and there will be no testimony whatsoever supporting Plaintiff's medical causation burden; and as such, summary judgment is warranted.

Without the expert testimony, proof that Plaintiff's employment with the Defendant caused the cancer claimed by Knight is lacking. Knight has failed to make a sufficient showing for an element on which he has the burden of proof. ***Rink v. Cheminova, Inc.***, 2005

WL 428418, at page 7, \_\_\_\_ F.3d \_\_\_\_\_ (11th Cir. 2005), a copy of which is attached hereto.

See also *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075-76 (5th Cir. 1994).

    Respectfully submitted, this the 24th day of March, 2005.

                               s/Frank J. Dantone
                               **FRANK J. DANTONE, MSB #5792**
                               Attorney for Defendants

**OF COUNSEL:**

**HENDERSON DANTONE, P.A.**
241 Main Street
Post Office Box 778
Greenville, Mississippi 38702
Telephone No. (662) 378-3400
Facsimile No. (662) 378-3413

## **CERTIFICATE OF SERVICE**

I, Frank J. Dantone, one of the attorneys of record for Defendants herein, do hereby certify that I have this date mailed postage prepaid, a true and correct copy of the above and foregoing to:

John Hunter Stevens, Esq.
GRENFELL, SLEDGE & STEVENS
1855 Lakeland Drive, Suite N-10
Post Office Box 16570
Jackson, Mississippi 39236-6570

Ralph Chapman, Esq.
Chapman, Lewis & Swan
501 First Street
Post Office Box 428
Clarksdale, Mississippi  38614

J. Robert Davis, Esq.
Mignon Gill, Esq.
Robert Green, Esq.
The Law Offices of J. Robert Davis LLP
440 Louisiana, Suite 1930
Houston, Texas  77002

THIS, the 24th day of March, 2005.

                                                              s/Frank J. Dantone
                                                              Frank J. Dantone