IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HEATH WILLIAM KNIGHT, et al**                                        **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:01CV223-P-B**

**KIRBY INLAND MARINE, INC.;**
**KIRBY INLAND MARINE, INC. OF TEXAS**
**a/k/a DIXIE MARINE, INC.; HOLLYWOOD**
**MARINE, INC.; AND KIRBY INLAND MARINE,**
**INC. OF MISSISSIPPI**                                           **DEFENDANTS**

## **MEMORANDUM OPINION**

This cause is before the Court on the plaintiffs' Motion for Cost Reimbursement [102]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Plaintiffs request reimbursement of expert discovery costs incurred in connection with the development of this case. Plaintiffs found their claim on the provisions of Federal Rules of Civil Procedure 26(b)(4)(A) and (C). Set forth in pertinent part, those subsections provide:

> (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.
>
> . . .
>
> (C) Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision . . . .

F.R.C.P. 26(b)(4)(A), (C). Determining the amount payable as costs involves a two-fold inquiry:

1) what constitutes a reasonable fee; and 2) whether the time claimed can logically be categorized as "time spent in responding to discovery."

With regard to the first inquiry, numerous courts have endorsed a multi-factor test for arriving at a reasonable fee award. Those factors include:

1) the witness's area of expertise;

2) the education and training that is required to provide the expert insight which is sought;

3) the fee actually being charged to the party who retained the expert;

4) the fee traditionally charged by the expert on related matters;

5) the prevailing rates of other comparably respected available experts;

6) the nature, quality and complexity of the discovery responses provided;

7) the cost of living in the particular geographic area; an expert's fee request; and

8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

Jochims v. Isuzu Motors, Ltd., 141 F.R.D. 493, 495-96 (S.D. Iowa 1992). See also Profile Products, LLC v. Soil Management Technologies, Inc., 155 F. Supp.2d 880 (N.D. Ill. 2001).

As to the second matter, courts are divided over whether Rule 26(b)(4)(C) can be construed liberally to permit reimbursement for a reasonable period of time spent in preparation for deposition. See Fleming v. United States, 205 F.R.D. 188, 190 (W.D. Va. 2000); Collins v. Village of Woodridge, 197 F.R.D. 354 (N.D. Ill. 1999);. But see E.E.O.C. v. Sears, Roebuck and Co., 138 F.R.D. 534 (N.D. Ill. 1991); Rhee v. Witco Chemical Corp., 126 F.R.D. 45 (N.D. Ill. 1989). For many courts, the decision is made on a case-by-case basis dependent on "the complexity of issues

presented by a case, the lapse in time between the expert's examination of the facts and the deposition, the level of detail in an expert's report and supporting schedules, or the volume of pleadings submitted by the parties." Fleming, 205 F.R.D. at 190.

In this case, plaintiffs seek reimbursement for what they contend are discovery-related expenses for two experts, Dr. Barry Levy and Dr. Vernon Rose. They maintain a right to reimbursement of $52,539.40 and $9,100.00 for the services of Dr. Levy and Dr. Rose respectively.

I. Dr. Levy

Dr. Levy billed the plaintiffs for 15.7 hours of actual deposition time at an hourly rate of $600.00 for a total of $9,420.00. In their response to the instant motion, defendant submitted exhibits which demonstrated that the depositions lasted no more than 13 hours after subtracting for lunch recesses, thereby reducing the charges for Dr. Levy's actual deposition time to $7,800. The plaintiffs conceded this point in their reply memorandum.

In addition to time spent in deposition, Dr. Levy billed plaintiffs for 32.7 hours of personal preparation time billed at $600.00/hour, plus an additional sum of $1842 for work performed by two assistants, Maura DiBartolomeo (17 hours at $90.00/hr.) and Heather Merrell (5.2 hours at $60.00/hr.). Finally, Dr. Levy itemized his travel costs at 4.5 hours at $300.00 per hour and incidental expenses totaling $122.40. Plaintiffs seek reimbursement for each of these expenses totaling $32,354.40.[1]

---

[1] In addition, plaintiffs claim a right to reimbursement of $20,185.00 as delineated in their invoice to defendant's counsel for a deposition retainer in the amount of $10,000.00 and additional preparation in the amount of $10,185.00. Because the records provided by Dr. Levy do not corroborate the additional expenses claimed by plaintiffs, the Court will disallow them. Furthermore, the Court declines to extend plaintiffs the opportunity to supplement the record with additional supporting information at this late date.

3

Defendants vociferously object. First, they urge the Court to adopt the position taken by those courts noted above which refuse to allow reimbursement for deposition preparation time under Rule 26(b)(4)(C). In the alternative, they urge the Court to limit the amount of preparation time to the equivalent of actual deposition time. In support of their position, defendants point out numerous actions on the part of Dr. Levy that lengthened the depositions–namely, his insistence on writing out each question in full prior to responding and his revelation of fifty-six new studies which allegedly supported his conclusions as to causation. Defense counsel spent close to 1.5 hours of deposition time merely identifying the new epidemiological studies.

After considerable reflection, the Court concurs with those courts which permit the recoupment of deposition preparation expenses. However, as noted by the learned authors of Federal Practice and Procedure:

> [P]otential difficulties and unfairness lurk below the surface. A starting point is that people designated as expert witnesses have spent time, and sometimes considerable time, preparing for their testimony without respect to whether there is a deposition or not. Certainly that effort could not easily be characterized as time spent "responding to discovery." Similarly, to the extent that the deposition process itself is a substitute for pretrial preparation of the expert that would have to be done anyway, this time may not properly be viewed as occasioned by the deposition.

8 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2034 (2d ed. 1987).

In the Court's estimation, Dr. Levy's investment of more than thirty hours time in reviewing materials cannot be fairly characterized as time spent solely preparing for his deposition. His appearance at the deposition with nearly sixty new epidemiological studies indicates that a good portion of his time and that of his assistants was dedicated to unearthing and analyzing new information to bolster the plaintiffs' case. In view of that fact and the impossibility of fairly ascertaining how much time Dr. Levy and his staff allocated to that task versus actual deposition

4

preparation convinces the Court to limit plaintiffs' recovery for hours billed by Dr. Levy for preparation to 15 hours, a figure slightly in excess of the time actually expended in the deposition process itself. Furthermore, the Court will permit plaintiffs to recover for a similar period of time for Dr. Levy's assistants–the 5.2 hours expended by Heather Merrell and 9.8 hours of Maura DiBartolomeo's time.[2] Finally, the Court will permit plaintiffs to recover for Dr. Levy's 4.5 hours of travel time. Dr. Levy's incidental expenses will be disallowed.

As a further matter, the defendants object to Dr. Levy's $600.00 hourly fee as beyond the bounds of what is reasonable. The Court concurs. As noted by Judge Bennett in Jochims v. Isuzu Motors, Ltd.,:

> Continuing escalation of expert witness fees and the all too frequent attitude of experts that their fees should be set at the maximum-the-traffic-will-bear is of great concern. The escalating cost of civil litigation runs the grave risk of placing redress in the federal courts beyond the reach of all but the most affluent.

141 F.R.D. 493, 497 (S.D. Iowa 1992).

Dr. Levy's credentials support the conclusion that he is a well-qualified expert in the field of epidemiology. However, his qualifications are not so great as to warrant a thirty-three percent premium above the rate charged by defendants' comparable expert, Dr. Gio Gori (whose hourly rate was "only" $400 per hour). Furthermore, the issues treated by Dr. Levy, while admittedly complex, do not command such an esurient rate. In view of the plaintiffs' utter failure to offer any evidence other than that of the rate Dr. Levy actually charged plaintiffs in the present case, such as the

---

[2] While there is little authority addressing the propriety of recompense for deposition preparation time expended by support staff, the Court is of the opinion that the complexity of the present case warrants such an award. Fisher-Price v. Safety 1st Inc., 217 F.R.D. 329, 334 (D. Del. 2003). But see Profile Products, LLC v. Soil Management Technologies, Inc., 155 F. Supp.2d 880, 887 (N.D. Ill. 2001).

applicable cost of living or the rate charged by Dr. Levy in other related matters, the Court will adopt the defendants' generous suggestion that $500.00 per hour is a reasonable fee under the circumstances.

In conclusion, plaintiffs are entitled to reimbursement under F.R.C.P. 26(b)(4)(C) of $16,319 of the fees charged by Dr. Levy as reasonable charges imposed incident to the deposition. Broken down by category, the total award is as follows:

1. $6500.00     13 hours deposition time @ $500.00/hour

2. $1125.00      4.5 hours travel time @ $250.00/hour

3. $7500.00     15 hours preparation time @ $500.00/hour

4. $ 312.00      5.2 hours - Heather Merrell @ $60.00/hour

5. $ 702.00      9.8 hours - Maura BiBartolomeo @ $90.00/hour

II.  Dr. Rose

The record before the Court indicates that Dr. Rose's deposition lasted two hours. The remaining 26 hours claimed by plaintiffs is for time spent preparing for the deposition. As with Dr. Levy, the Court finds that assessing the entire 26 hours as a recoverable expense would be unfair to the defendant. The amount of time spent by Dr. Rose is excessive in comparison with the actual length of his deposition. Furthermore, the time expended by Dr. Rose was equally valuable to the plaintiffs as advance trial preparation. In view of those facts, the Court concludes that allowing Dr. Rose 12 hours preparation time is sufficient under the circumstances. In contrast to Dr. Levy's fee structure, Dr. Rose's hourly rate was $325.00, a fee which the court accepts as reasonable. In accordance with the foregoing analysis, plaintiffs are entitled to reimbursement in the amount of $4,550.00 representing payment for 2 hours deposition time ($650.00) and 12 hours preparation time

6

($3,900.00) at Dr. Rose's contract rate of $325.00/hour.

III.     Recompense for Dr. Levy's Attendance at the Daubert Hearing

Plaintiffs also seek to recoup the expenses they incurred in securing Dr. Levy's presence and testimony at the Daubert hearing held on November 29-30 and December 20, 2004. They seek reimbursement in the amount of $63,853.91. The only published authority directly on point expressly repudiates the premise that such expenses are subject to reimbursement pursuant to Rule 26(b)(4)(C). Mohney v. USA Hockey, 300 F.Supp.2d 556 (N.D. Ohio 2004). This Court concurs. Furthermore, plaintiffs are out of line in blaming defendants for this Court's decision to hold a Daubert hearing and to permit live testimony. Finally, the defendants cannot be saddled with responsibility for the plaintiffs' exercise of discretion in requesting Dr. Levy to appear and defend his methodology at said hearing. Plaintiffs' request for reimbursement of expenses related to the Daubert hearing is not well-taken and will be denied.

## CONCLUSION

Based on the foregoing facts and analysis, the Court concludes that plaintiffs are entitled to reimbursement from defendants in the amount of $20,869.00, a figure which represents the sum of the $16,319.00 award of Dr. Levy's reasonable fees/expenses and the $4550.00 allowed for Dr. Rose's discovery-related charges.

This, the 12th day of January, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE